NO. 07-11-00303-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2011

JAY ANTHONY NOTTINGHAM, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4416; HONORABLE H. BRYAN POFF, JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jay Anthony Nottingham filed a notice of appeal from his conviction of the offense of attempt to take a weapon from an officer[1] and his resulting sentence of eighteen years of imprisonment. While a clerk's record has not yet been filed, the trial court clerk has provided us with certified copies of certain documents. We have before us copies of the certification of defendant's right of appeal, and a "waiver of appeal," both apparently bearing appellant's signature. The certification of defendant's right of appeal, executed by the trial court and signed by appellant and his trial counsel, states

---

[1] Tex. Penal Code Ann. § 38.14 (West 2010).

that the case "is a plea-bargain case, and the defendant has NO right of appeal." The "waiver of appeal" requests the trial court to order appellant's transfer to the Institutional Division of the Department of Criminal Justice to serve the sentence imposed by the court. That document bears the notarized signature of appellant, and the signature of the trial court, approving appellant's request. The documents provided us by the clerk also include a copy of written plea admonishments, including a section entitled "defendant's waivers and statement on admonishments," also signed by appellant and his counsel, which contains the statement "I waive any right to appeal I may have in this case." Finally, the court's judgment contains the special finding that appellant "signed a waiver of appeal." The judgment describes the terms of the plea bargain to include an eighteen-year sentence of confinement and the State's agreement to waive its motion to cumulate sentences. The judgment is consistent with those terms. All the documents provided us by the trial court clerk are dated and were filed on June 20, 2011, the date of appellant's guilty plea and sentencing.

By letter dated August 3, 2011, we notified appellant of this documentation and informed him that the appeal is subject to dismissal unless, by August 18, we received an amended certification illustrating appellant has the right to appeal or appellant otherwise demonstrates other grounds for continuing the appeal.

Appellant has submitted a response, but it does not contain an amended certification establishing his right to appeal. In his response, appellant asserts the certification provided us is defective because his counsel filed a pretrial motion to dismiss the prosecution for failure to provide him a speedy trial, and the trial court

2

denied the motion. He asserts he is entitled to appeal that denial. As appellant acknowledges, the trial court could have certified his entitlement to appeal the denial of his pretrial motion, but did not. Comparing the trial court's certification with the documents before us, we cannot agree that the certification is defective. The documents before us, on the contrary, support the trial court's certification appellant has no right of appeal. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex.Crim.App. 2005) (appellate court obligated to compare certification with record before it). Accordingly, we dismiss the appeal. Tex. R. App. P. 25.2(d); *Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) (court of appeals must dismiss prohibited appeal without further action).

James T. Campbell
Justice

Do not publish.